

FILED BY_____ D.C.

AUG 2 8 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. PIERCE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**
**CASE NO.**

**CARYN HALL YOST-RUDGE and**
**WILLIAM JOHN RUDGE IV,**

**Plaintiffs,**

**vs.**

**THE CITY OF STUART,** a municipal corporation,
**A TO Z PROPERTIES, INC,** a Florida corporation,
**PAUL J NICOLETTI, Esq.,**
**ROBERT L. KILBRIDE, Esq.,**
**MICHAEL J. MORTELL, Esq.,**

**Defendants.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFFS  Caryn Hall Yost-Rudge ("CHYR" or "Plaintiff(s)") and

William John Rudge IV ("WJRIV" or "Plaintiff(s)") sue the above

Defendants  and state the following in good support of this Complaint:

## INTRODUCTION

1.  This is a 42 U.S.C. 1983 Federal civil rights case under the Fifth and

Fourteenth  Amendments of the United States Constitution for the Plaintiffs'

deprivation of their due process  rights for constitutionally protected private

property and homestead  interests,  equal protection under the law for  Plaintiffs

and their family by  the Defendants' intentional destruction of private property

under the color of law, intrinsic and extrinsic fraud, negligence, dereliction of duty,

and the state's denial to grant Plaintiffs any constitutionally sanctified due process

hearing or trial before a jury of their peers.

  2. Plaintiffs' evidence will show that the Plaintiffs/family were deprived of their

constitutional right to redress the damages they suffered as a result of the  acts of

 corruption and frauds upon the court and the  subsequent cover up by government

officials and officers of the court that do clearly violate the Plaintiffs' due process

rights under Federal law, inevitably causing  great harm and injury to the Plaintiffs

and children.  Defendants' violations of Plaintiffs' clearly established rights to

substantive and procedural due process of law were perpetrated under color of the

law and  does grant Plaintiffs CHYR and WJRIV the lawful right to initiate this

legal proceeding against the Defendants, whom are responsible for said damages.

  3.  Plaintiffs'  exhibitive  evidence (**EXH A1-A4** ) does demonstrate, clearly and

convincingly, that the Defendants, individually and collectively, took  actions to

exercise the authority given to them by the government and those actions were

taken with the appearance the government authorized it. The Defendants did abuse

their authority, under color of law, which undeniably violated the Plaintiffs'

2

constitutional rights to Due Process regarding the property rights, homestead rights and the entire family's civil rights for equal protection under the law regarding their home and Florida homestead 1701 SW Palm City Road, Stuart, Florida.

 4. Defendants committed these unlawful violations of Plaintiffs' constitutional and state rights under the color of state law, in bad faith, and with malicious purpose in reckless, wanton and willful disregard of Plaintiffs property rights, homestead rights and their civil rights, practicing "fraud upon fraud" to deny Plaintiffs their constitutional due process rights to a hearing or trial under the Fifth and Fourteenth Amendments to the United States Constitution.

5. Each Defendant had a legal obligation to perform their duty of participating in a hearing or trial on the facts of the fraud surrounding the initial destruction of the Plaintiffs' private property and family homestead from December 15-December 21, 2009, and the removal of Plaintiffs and family from their homestead May 5,2010, yet Defendants failed to perform their legal obligations. Defendants averted any evidentiary hearing or trial only by means of intrinsic and extrinsic fraud, violating the Plaintiffs' due process rights resulting in great harm to Plaintiffs, their family's safe housing, and their private property and Florida homestead.

6. The Plaintiffs, for many years, have alleged and presented the evidence of the **unlawfulness** of their weapons being removed before the state-sanctioned actual

3

armed force of City of Stuart police to raze their private property (with salvage

rights to the City of Stuart contractor), the threat of armed force to remove them

family their private property, intentional destruction of structure, only <u>after the</u>

<u>Plaintiff's counsel died unexpectedly</u>, for the purposes of Defendant A to Z's 16

town home project Tibouchina Terrace (EXH: Prop 1-2)

7.The Defendants' misconduct and extrinsic fraud played a role in obstructing

justice by preventing any pre or post deprivation hearing or trial in the *City of*

*Stuart v WJRIV (09CA03586)* or *A to Z Properties v City of Stuart, Martin*

*County, WJRIV, and CHYR (16CA000484)*, which expressly and directly conflicts

with multiple decisions of this Court and denies the Plaintiffs' well-established

substantive and procedural due process rights to a hearing or trial on the issues.


## JURISDICTION AND VENUE

8. Plaintiffs bring this action pursuant 42 U.S.C. 1983 for violations of civil

rights under the Fifth and Fourteenth Amendment to the United States

Constitution with damages above $75,000.00.

9. This Court has subject matter pursuant to 28 U.S.C 1331 and 28 U.S.C

1443; 28 U.S.C. 1367 provides supplemental jurisdiction over the state law tort

claims that arose from the same common nuclei of facts.

4

10.   Federal jurisdiction is not barred as the Plaintiffs are **not** attempting to fix an erroneous state court judgment. The state court ruling was never a conclusive judgment on the merits. The Plaintiffs' issues have never been adjudicated by the state court. *Amos v Glynn County Bd of Tax Assessors 347 F.3d 1249, 1266 (11ᵗʰ Circ. 2003).* The Plaintiffs have never had a full and fair opportunity to litigate the issues in Case No(s). *2009CA05386 City v. Rudge (Judge Metzger)* and *A to Z Properties v City, County, Rudge, and Hall Yost-Rudge 2016CA484 (Judge* Metzger ), therefore, *res judicata* does not apply.  *Kougasian v TMSL INC., 359 F.3d 1136, 114 (2004).*

11. The  Plaintiffs are not "state court losers". The state court rulings in these cases were not "conclusive judgment on merits" or on the evidence, because Plaintiffs were denied any evidentiary hearings or trial on the merits,  which violates their Federal constitutional private property rights to  Due Process of law and equal protection under the law. The Plaintiffs have been unable to present their case due to the deception practiced upon them by the Defendants: a municipality and officers of the court, whom have prevented the Plaintiffs from participating in the cause and trying the issues, in an attempt to protect themselves by concealing the truth of the matter.

5

12.  Defendants A to Z Properties, City of Stuart, and Defendant  Mortell have all

ignored CHYR's attempts by emails and phone calls throughout year 2022 to set a

hearing on the Plaintiff's timely filed 2021 Rule 1540(b) Motion with over 800

exhibits of public record. Judge Metzer closed the case, without an evidentiary

hearings on the Plaintiffs'  motions for relief , counter claim, and cross claims .

This prevented a fair submission of the controversy to the court and this

extrinsic fraud clearly violates the Plaintiffs' established constitutional  rights to

Due Process of law under the V and XIV Amendments.

13.This extrinsic fraud, practiced by the Defendants,  stymied Plaintiffs CHYR and

WJRIV's  exhaustive efforts to obtain any fair or meaningful evidentiary hearing or

trial, for the last decade, regarding their patented, homesteaded, inherited familial

land which clearly implicates federal policy and creates federal jurisdictional

questions, as well.

14. Plaintiffs have already submitted to the state court the evidence of  the

Defendants, individually and collectively, practicing  "fraud upon fraud".

These Defendants  are government officials, elected public officials, and officers of

the court.  All Defendants have conspired to commit and have committed  an

attempt at a "cover up" of their unlawful actions of intrinsic fraud by perjuring

themselves and defrauding the court(s) with falsehoods which then blossomed into

6

the subsequent extrinsic fraud practiced to violate Plaintiffs: lawful rights for any evidentiary hearing or trial regarding their private property and Florida homestead, according to the Due Process Clause.

15. The Plaintiffs' voluminous exhibits, without a doubt, do demonstrate the unwarranted government intrusion onto the Plaintiff's property, with police powers in 2009, when no emergency existed, was very unlawful. City v Rudge was dismissed with no granting of a Florida Rules of Civil Procedure 1.610(d) post-deprivation hearing, motioned by Defendants (Plaintiffs), to assess the propriety of the City's actual armed force "ex parte" injunction.

16. Judge Sherwood Bauer's Order of August 11, 2011, in City v Rudge ordered the "case needs to be heard as an evidentiary hearing" yet no such hearing was ever granted to the Plaintiffs, in violation of their established rights to Due Process.

17. Defendant Mike Mortell, the attorney of Defendant City of Stuart, chose to dismiss case, denying the Plaintiff's Rule 1.610(d) post-deprivation hearing, violating their Federal constitutional rights to Due Process of law and a redress of damages. **EHX  Damages 1-5**

18. The post-deprivation hearing proceeding was designed to adjudicate disputed facts yet the Defendants/ Plaintiffs were denied the opportunity to present their evidence of the intrinsic fraud involved in the ex parte action of the Defendant,

7

City of Stuart and then denied their opportunity to present their evidence of A to

Z's reliance on the City of Stuart's intrinsic fraud, as an accessory after the fact,

regarding the destruction of the Plaintiffs' private property, the armed force, the

removal of family from their homestead under the threat of armed force and the

City of Stuart's fraud furthered in an "alleged" settlement with Plaintiffs.

19. This Court has consistently held that some kind of hearing is required at some

time before a person is finally deprived of his property interest. Wolff v McDonnell

418 U.S. 359, 557-58 (1974)

**20.** Under the doctrine of preemption, which is based on the Supremacy Clause,

the federal court may require the state court to grant relief because the state is

interfering and is in conflict with federal law to deny Plaintiffs and family their

constitutionally sanctioned relief under the Fifth and Fourteenth Amendments to

the United States Constitution.

21. At all material times, Defendants committed these unlawful violations under

color of law, resulting in irreparable harm to Plaintiffs and children by

unlawfully demolishing and removing their real and private property under armed

force, removing them from their home under the threat of armed force,

subsequently preventing them from even entering their homestead, while

practicing frauds upon the court(s), the City of Stuart Commission and the Public

for many years to conceal their intrinsic and extrinsic fraud to deny Plaintiffs any

evidentiary hearing or trial in front of a jury of their peers on the facts and merits

of the case, as are the Plaintiffs' rights under the Due Process Clause in the United

States Constitution.

22.  The unlawful, willful actions of these Defendants, a municipality and officers

of the court, have  violated clearly established rights of which a reasonable person

would have known and these grave deprivations, resulting in irreparable harm and

injury to the Plaintiff , are actionable under 42 U.S.C 1983.

### PARTIES

23.  Plaintiff Caryn Hall Yost-Rudge is an adult female Florida resident residing in

this Court's jurisdiction and otherwise sui juris.

24.  Plaintiff William John Rudge IV is an adult male Florida resident residing in

 this Court's jurisdiction and otherwise sui juris. Plaintiffs are a separated couple

and the parents of the irreparably harmed  dependent minor child in this case.

25.  Defendant City of Stuart is a municipal corporation in this Court's jurisdiction.

26.  Defendant Paul Joseph Nicoletti  is now and has at all material times been an

attorney in this Court's jurisdiction. Nicoletti is a state employee.

27.  Defendant Robert L. Kilbride is now and has at all material times been an

attorney in this Court's jurisdiction. Kilbride is a state employee.

9

28.  Defendant Michael Joseph Mortell is  now and has at all material times been an attorney in this Court's jurisdiction. Mortell has been a City of Stuart Commissioner, the City of Stuart Mayor, and the City Attorney during the years of litigation surrounding the Plaintiff and family's  homestead. Mortell is now the Manager of the City of Stuart, a state employee.

29. Defendant A to Properties is a Florida corporation in Fort Pierce and is in this Court's jurisdiction.

## FACTS AND PROCEDURAL HISTORY

1. On June 13, 2023, the Supreme Court of Florida  dismissed  for "lack of jurisdiction" the Plaintiffs' Joint Petition for a Writ of Mandamus for their constitutionally sanctified hearing or trial in the Nineteenth Judicial Circuit in Martin County. **EXH: WRIT**

2. This  effecuated a termination of the causes between the parties that directly affects and harms Plaintiffs/family, denying them any relief or remedy, as the following judicial labor remained **"undone or unfinished":**

 **1**. March 23, 2018    Cross-Claims and Demand for a Jury Trial for Damages

 **2**. May  02, 2019    Amended Cross-Claims(s) Against City of Stuart  **EHX: CC**

 **3**. Aug.  21, 2019    Counter-Claim for Rescission of "Defective" Deed

 **4**. Nov.   27,  2019   Request for Order Prohibiting Conveyance of Title

10

**5**. Dec.   19,  2019    Motion to Vacate Partial Judgment as to Count I
and to Set Action for Trial Pursuant 4thDCA Mandate

**6**. Feb.   07,  2020:   Joint Motion for Rehearing: January 28, 2020 UMC/CMC
and Defendants WJRIV and CHYR's Motion for Leave to
Amend Cross-Complaints filed May 2, 2019 and Def
WJRIV's Second Request for Order Prohibiting Conveyance
of Title of Property at Issue and Rescission of Deed and
CHYR's Motion to Vacate Partial Final Order and Demand
for Jury Trial and Request for new docket call date

**7**. June   22, 2020: "Fifth Motion For Leave to Amend Cross claims and
WJRIV's Third Request for Order to Prohibit Conveyance of
Title and Third Motion for Rescission of Deed and CHYR's
Third Motion toVacate Order and WJRIV and CHYR's
Umpteenth Demand for a Jury Trial Regarding Their
Childrens' Homestead House and School"

3. Plaintiffs have sought and have exhausted every state remedy for relief

from the "well documented irreparable harm" Plaintiffs have already suffered,

provided to  the trial court in their timely filed Rule 1.540 Joint Motion(s) for

Relief.  Plaintiffs and family are suffering from the harm, today, as they are still

unable to obtain  any relief in the trial court where the fraud commenced on

December 11, 2009 in the City of Stuart's unlawful **armed force** "Ex-Parte

Injunction" in City of Stuart v William John Rudge IV Case 09CA3586 in the

Nineteenth Circuit in Martin County-Judge Elizabeth Metzger.

4. It is no "de minimis" matter that this very same Judge Metzger refused to

grant the Plaintiffs an evidentiary hearing in on their Joint Rule1.540 Motion(s) for

Relief, accompanied by over 800 exhibits, but instead "closed the case" on

November 17, 2022, violating both state and federal due process rights of the

Defendants, now Plaintiffs,  to a meaningful hearing or trial concerning their

private property and Florida homestead interests.

5.  Judge Metzger's abnegation of her judicial function resulted in a "legal" fraud

 upon the judicial institution by denying  a neutral decision-maker to Plaintiffs.

6. Plaintiffs had lawfully requested for a "Change of Venue" from Martin

County  in their Rule1.540 Motion for Relief on January 29, 2021.

7. Plaintiffs additionally requested a "Change of Venue" in their April 28, 2021

Rule 1.540(b) Newly Discovered Evidence Motion which contained the City of

Stuart's 8 falsified documents that A to Z Properties submitted to the court for an

an advantage in the litigation surrounding the Plaintiffs' private property and legal

Florida  homestead of family.

 8.  WJRIV and CHYR have sufficiently alleged damages peculiar to themselves

which gives this Court an occasion to determine whether the government

Defendants have violated the law and what remedies are available against them.

Plaintiffs' "special damages" emanate from the abatement of alleged nuisances

resulting from the consummated and documented municipal misconduct by the city

of Stuart.

9.  The evidence submitted by the Plaintiffs does definitively demonstrate that

the City of Stuart exercised its power of one possessed by virtue of state law and

the harm to Plaintiffs and their children was made possible only because the

wrongdoers were clothed with the authority of state law.

10.  Plaintiffs'  have sufficiently alleged and demonstrated that the government

itself has acted illegally with "state" police power to use actual armed force in the

intentional destruction of their private property and the threat of armed force to

remove them from their homestead and then practiced extrinsic fraud to conceal

their unlawful actions by averting any meaningful  hearing or trial, and Defendant

A to Z relied on the City's fraud to commit their own fraud, enabling the

Plaintiffs to maintain **all** of their causes of action for legal redress.

 EHX: D1-D5 "Damages" 2011-2023

11. Exhibits A1-A4 lists the public documents that accompanied  the Plaintiffs'

timely filed Motion(s) for Relief and should be the "determining point" for any

Court  as this evidence supports the Plaintiffs' causes of action and remedy at issue

in the litigation surrounding the Plaintiffs' home and land. Upon a preponderance

of that evidence, Plaintiffs' **easily** meet  the burden of pleading each and every

element to support their causes of action of  the Defendants' negligence,

intentional destruction of property, intrinsic fraud  and extrinsic fraud.

12. Plaintiffs WJRIV and CHYR , singularly and jointly, have demanded a jury trial regarding the disputations of genuine issues of material facts involving the same "subject property" no less than 20 times, to no avail, in the trial court, which violates their Federal Due Process rights resulting in harm to Plaintiffs.

13. The following cases flowered from the initial fraudulent 2009 **armed force** "ex parte" action of the City of Stuart when no emergency existed, to destroy and steal real and private property, the Plaintiffs family being removed from their homestead and prohibited from entering their home, and the City of Stuart's negligence, fraud, false promises to compromise to "settle" these issues in an attempt to **escape accountability** to the law to remedy the harm from the Defendants violations of the Plaintiffs' substantive and procedural Due Process rights and equal protection under the law for both the Plaintiffs and their children:

| | | |
|---|---|---|
| #10CA1209 | (19th Circ) | #104D3936 |
| #11CIV14306 | (US So. Dist) | #164D2088 |
| #12 11014 | (US 11th Circ.) | #174D2548 |
| #16-9078 | (SCOTUS) | #174D2922 |
| #17SC1967 | (FL Supreme) | #174D3204 |
| #18SC78 | (FL Supreme) | # 174D3204 |
| #18SC1153 | (FL Supreme) | #194D1174 |
| #18SC1250 | (FL Supreme) | #204D0564 |
| # 20SC1935 | (FL Supreme) | #204D0584 |
| #19-7929 | (SCOTUS) | #204D1193 |
| #21CIV14425 | (US So. Dist) | #224D3292 |
| #21 14118 | (US 11th Circ.) | #234D0940 |
| #22CIV14085 | (US so. Dist) | |
| #23FS200 | (FL Supreme) | |
| #23FS0855 | (FL Supreme) | |

14

14. A decade ago, Plaintiff WJRIV noticed this Court and the 11th Circ. Court

of Appeals that these very same issues were "against Public Policy" regarding

Plaintiffs' family and the unlawful removal from their homestead under the threat

of armed forced on March 5, 2010. (WJRIV pg 8 Appellant Brief):

> "It is highly adverse to public policy that a family with a structurally
> sound home, in these troubling times of homelessness, is forced to rent and
> pay storage. RUDGE has divested himself of 2 boats, 1 motor home, and
> 2 cars to house his family in a rental while being laid off from the IBEW
> Local Union. Public policy dictates that this family return to their home to
> live rather than turning to the state for assistance."
> (Case #12-11014 11th Circ )

15. The Plaintiffs and family were removed from their home and homestead due to

the City of Stuart's determination of an "unsafe structure" yet Stiles Peet, a local

engineer's August 1, 2011 letter was submitted to the City declaring Plaintiff's

home a safe structure. The fact that the Plaintiffs' home, built in 1929, is still a

safe structure today testifies to the fraud practiced by the City of Stuart to

remove Plaintiffs and children from their homestead and "into the street" in 2010.

16. To date, due to the extrinsic fraud of the Defendants, the Plaintiffs have never

been granted their Rule 1.610(d) post deprivation hearing to assess the propriety of

the City of Stuart's armed force "ex parte" injunction in City v Rudge or a hearing

on their Counter-Claim and Cross-Claims in AZ Properties v City, County, Rudge,

Hall Yost-Rudge. This clearly violates the Plaintiffs' procedural due process rights

15

under the Fifth and Fourteenth Amendments to the United States Constitution and

prevents Plaintiffs a remedy for the Defendants' intentional negligence, fraud both

intrinsic and extrinsic, and the intentional theft and destruction of their real and

private property under the color of the law.

17.   Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 32 of

of  this complaint as though fully set herein.

## STATEMENT OF CLAIM

18. Since October 2009, the Defendants engaged, assisted and facilitated a

fraudulent scheme to procure Plaintiffs' 1.4 acre homestead in downtown Stuart for

a 16 Town home Project-Tibouchina Terrace and are continuing to engage in

extrinsic fraud to conceal their participation in the fraudulent scheme, practicing

extrinisic fraud to obstruct justice. This misconduct has caused and is still causing

irreparable harm to the Plaintiffs and the family by denying them a lawful and

proper remedy or any lawful relief.

## COUNTS  I-IV

**Negligence, Dereliction of Duty, Intrinsic and Extrinsic Fraud**
**Applied to all Defendants**

19. All Defendants were involved in an elaborate scheme, designed to improperly influence any courts in their decisions, to defraud the Plaintiffs their civil rights to Due Process and Equal Protection under the law. *Hazel Atlas Co. v Hartford Empires 322 U.S. 238 (1944)*

20. After the Plaintiffs' attorney died unexpectedly at 57 years old in June 2009, the City of Stuart issued a Notice to Abate Nuisance, without a hearing, on October 13, 2009. That same day, the City entered into a Contract with LEB Demolition for the demolition of the Plaintiffs' home and barn structures. The Plaintiffs allege that it was no coincidence the Mike McCarty Land Planning, the developer of Tibouchina Terrace, also filed for his business on the same day, October 13, 2009, according to SunBiz.

21. Plaintiff WJRIV's November 15, 2009 Notice to Appeal the City's findings in their October 13, 2009 Notice to Abate Nuisance was ignored, thus denying Plaintiff WJRIV a pre-deprivation hearing.

22. Sergeant Eggbers, the affiant of the City of Stuart did testify on December 7, 2009 that "Rudge wanted to comply with Code Enforcement but needed more time and Rudge believed the City was pursuing the demolition of his land because his attorney had died recently." Sergeant Eggber also informed Plaintiff CHYR, on numerous occasions, that he would be willing to testify in their defense in any

17

hearing or trial. (No hearing or trial ever took place as the City of Stuart's fraud

kept Plaintiff WJRIV's 1.610(d) Motion to Dissolve Injunction from the court)

23. The City then issued a permit on December 4, 2009 to LEB Demolition to

demolish the structures on the Plaintiff's homestead without the signature of the

Plaintiff, WJRIV, the owner whom was occupying the property with his family.

24. The City's Affidavit of December 6, 2009 testified to the Plaintiffs' compliance

which negated any legality for the City's Complaint for an armed force "Ex-Parte"

injunction on 11, 2009, however, the City of Stuart did not record their

own Affidavit of Plaintiffs' compliance until May 2010, well after the destruction

of their private property and removal from their house and homestead.

25.  The City's of Stuart's subsequent fraud upon the trial court in their March 5,

2010 hearing for the City's modification of the City's 2009 defective armed force

ex parte injunction, removed the Plaintiffs and their family under the threat of

armed force. This forceful removal from their home, under the color of law,

rendered the Plaintiffs' family homeless against public policy.

 26. The result of City v Rudge was that Plaintiff WJRIV's property and family

suffered irreparable damage from the fraud and conspiracy of public officials,

under the color of the law, yet Plaintiff WJRIV was never granted a pre-

deprivation hearing nor a meaningful post-deprivation hearing after: the removal of

18

the Plaintiffs' weapons, the **armed force** demolition of property removing 62 tons

of green vegetation, theft of personal property by LEB Demolition, removal of

family from their homestead and a prohibition from entering their home or land

**under the threat of armed force**.

27.  These were clear violations of WJRIV's constitutional right to substantive Due

Process of law and the Equal Protection under the law regarding his private

property and homestead of his family. It is highly against public policy to illegally

remove children from their home to facilitate profit from a 16 town home

development project like Tibouchina Terrace. A substantive due process claim

requires the proof the interference with property was irrational and arbitrary"

Usery v Turner Elkhorn Minig Co. 428 U.S. 1, 15 (1976)

40. The City of Stuart's actions were "clearly arbitrary and unreasonable, having no

substantial relation to the public health, safety, morals or general welfare."

 *Euclid v Amber Realtor Co. 272 U.S. 365, 395 (1926)*

28.  The City's of Stuart's subsequent fraud upon the trial court in their March 5,

2010 hearing for the City's modification of the City's 2009 defective armed force

ex parte injunction, removed the Plaintiffs and their family under the threat of

armed force. This forceful removal from their home, under the color of law,

rendered the Plaintiffs' family homeless against public policy yet the Plaintiffs

have been prevented from a hearing or trial to assess the propriety of the City of

Stuart's actions, taken against the Plaintiffs, with no notice or opportunity to be

heard, both before and after the City of Stuart's taking of their real and private

property. The Plaintiffs have an established right to Due Process and Equal

Protection under the law and the City of Stuart has violated those rights by

negligence, dereliction of duty, intrinsic fraud and extrinsic fraud to keep the

Plaintiffs CHYR and WJRIV away from court.

29. The City of Stuart's Code Enforcement's Rudge Property Abatement Cost

lists a different case than was used in City v Rudge: Project #CEP00069.

 The City of Stuart's Budget Amendment #15 on October 8, 2009  was a Project

to appropriate $100,000.00 to Code Enforcement to "clean up abandoned

construction sites".  The Plaintiffs were private property owners and should not

have been part of this Project. Plaintiffs allege this is further proof of the fraud

and conspiracy practiced by the City of Stuart for Tibouchina Terrace.

30.  Plaintiffs allege the City of Stuart conspired with Martin County Property

Appraiser's office to have Plaintiffs homestead exemption removed at the very

same time the City's contractor, LEB Demolition, was demolishing their land .

Incorporated by reference is EHX  Property Appraiser, which contains the 2

fraudulent "Investigative Reports", including the search by the Property Appraiser

to "justify" dropping Plaintiffs' homestead exemption while family occupied the

property and the "note" that Plaintiffs' counsel: "Ken Sundheim dead".

All facts are included in Plaintiffs exhibit of Report #202005502.

31. Plaintiffs allege the City of Stuart conspired with City of Stuart Police to

illegally detain Plaintiff CHYR at police station, trespass CHYR from her property

and cause CHYR's Driver's License to be suspended....all without any hearing.

The facts of this harm to Plaintiff CHYR are contained in the   FDLE Report:

#EI-73-8668/1364.  According to the FDLE's response:CHYR was entitled to a

Stuart Independent Review Board hearing, yet CHYR's request were ignored,

resulting in no due process hearing, according to well-established law.

 32.   Plaintiffs' Exhibit DD Delayed discovery  contains the evidence of the

dereliction of the City's duty to disclose discovery and the obstruction of justice by

City of Stuart Clerks Cherie White and Mary Kindel's withholding of  Special City

Commission Meeting Transcripts and their interference in CHYR's 3 attempts to

"qualify" for the City Commission races in 2010, 2019, and 2021.

33. This case presents an issue of broad public concern and is likely to recur as it

involves public officials and officers of the Court, whose individual and collective

actions,  are all governed by the Constitution of the United States.

34. The Defendants,  Nicoletti,  Kilbride, and Mortell, as city of Stuart attorneys,

21

advanced their client, Defendant City of Stuart's interests and seemingly prevailed

in the litigation by unethical means as their conduct prevented a fair submission of

the controversy to the Court. *Jones v Willard 224 Va. 602, 607 (1983)*

Defendant A to Z Properties' failure to respond to Plaintiff CHYR's attempts to set

a legal hearing on a timely filed Motion 1.540  Motion for Relief  means A to Z is

 also refusing to participate in any hearing, which is their legal duty,  after A to Z

commenced  the litigation surrounding Plaintiffs' homestead,  and is now violating

the Plaintiffs' Federal Due Process legal, established  rights to relief  a remedy.

### <u>COUNTS I-IV :</u> NICOLETTI

35.  Defendant Paul J. Nicoletti practiced perjury in the City's of Stuart Original

December 11, 2009 Complaint for Ex Parte Injunction with falsehoods, that CHYR

and WJRIV were ignoring the Code Violations when the evidence contradicted this

entirely. As the City of Stuart's attorney, Nicoletti had a duty to be truthful with the

Judge Metzger  when he motioned for an ex parte injunction with police powers on

December 11, 2009. Nicoletti, whom had been working with Plaintiffs' counsel,

Ken Sundheim to bring Plaintiffs' homestead into compliance, had knowledge of

the Plaintiffs' sudden loss of  the "protection of counsel"  and took advantage.

36.  Defendant Nicoletti perpetrated the same falsehood to staff, the Commission

and the City Administration  that "Rudge always had counsel" in City v Rudge.

According to  the Land Development Director Dan Bogan, Nicoletti instructed him

to send the City of Stuart's October 27, 2009  Notice to "Ken Sundheim's file",

because  Nicoletti had knowledge that Plaintiff WJRIV's counsel had died very

suddenly on June 19, 2009. Plaintiffs have submitted to the state record, the

various correspondences between Nicoletti and WJRIV's counsel, Ken Sundheim,

from 2007 and 2008 when Plaintiffs' counsel, Ken Sundheim was alive and

working with City Attorney Nicoletti to assist WJRIV in bringing the property into

compliance.  The Magistrate's Order of April 9, 2009 read "*The City shall call or

email Mr. Sundheim in advance of its entry upon the property." After Plaintiff

WJRIV's died unexpectedly in June 2009, the City of Stuart instead  moved "ex

parte", when no emergency existed,  for an armed force ex parte injunction when

presiding Judge Metzger, City Attorneys Nicoletti and Kilbride were **all aware** of

 Mr. Sundheim's  untimely death and Plaintiff WJRIV was without counsel.

37. Nicoletti then subsequently perjured himself at the April 12, 2010 City

Commission Meeting by informing the City of Stuart Commission and the Public

that "there was a lawful injunction after a hearing".  There was no hearing, thus the

City of Stuart violated the statutory 3 days notice rule for private property owners

in Florida for the Abatement of Nuisances and violated  a host of other

constitutional rights to enter the Plaintiffs' property with the actual  armed forced

of City of Stuart Police allowing LEB Demolition Company's  bobcats, track-hoes,

and huge trucks, whom were granted "salvage rights" to  take Plaintiff's' real and

private property.

### COUNTS I-IV   Kilbride

38. Defendant Robert L. Kilbride practiced fraud upon the trial court, this court

and the Eleventh Circuit Court of Appeals by testifying that the Plaintiffs "were

always assisted by counsel".  Kilbride shared an office with Plaintiff WJRIV's

counsel, Kenneth Sundheim, whom died unexpectedly in June 2009, therefore,

Defendant Kilbride was aware of the death and was equally aware that the

Plaintiffs CHYR and WJRIV  had **no counsel** when the City of Stuart moved for

an actual armed force "ex-parte" injunction for demolition of Plaintiffs' homestead

with salvage rights to LEB Demolition on December 11, 2009 in *The City of Stuar*t

*v William John Rudge IV (#09CA3586)*Assistant City of Stuart Attorney Kilbride

testified on May 11, 2012, to this Court, Case #11CIV14306, that City v Rudge had

"been remanded, pending in state court and noticed for trial." This was a perjurious

statement from Kilbride designed to mislead the judiciary into thinking that

WJRIV's Due Process was being satisfied.

39. In this same pleading, Kilbride testified that "Rudge never motioned to

dissolve the injunction" while simultaneously striking "Rudges Motion(s) to Dissolve Injunction" in the state court. This was not fraud between the parties, this was a fraud upon the court that affected the judicial machinery, itself, to make fair decisions and honor the law.

40.   On May 11, 2012, in the Eleventh Circuit Court of Appeals, Case #12-11014, Kilbride changes his testimony and now testifies that Rudge did, in fact, motion to dissolve the injunction and the City of Stuart's new defense became "Rudge's motion was not timely", again perjuring himself and misleading the judiciary. Assistant City Attorney Kilbride testified on March 7, 2011 in a Special City Commission Meeting that there were "no switch of attorneys" and "the death of Mr. Sundheim is a non-issue."  This was a very dangerous perjury because the Plaintiffs allege that the June 2009 unexpected death of Rudge's counsel is what motivated and precipitated the City of Stuart's litigation surrounding the Plaintiff's private property and homestead of his family.

## COUNTS I-IV    Mortell

41.Defendants A to Z Properties, City of Stuart, and  Mortell have ignored CHYR's attempts by emails and phone calls throughout the year 2022 to set an evidentiary hearing on the Plaintiff's timely filed 2021 Rule 1540(b) Motion with over 800

exhibits of public record to sustain Plaintiffs' claims of the Defendants violations

of their Due Process of law and Defendants' success in keeping the Plaintiffs away

from Court.

42.  Defendant Michael J Mortell, the Mayor of Stuart, when the conspiracy began

 has practiced countless fraud(s) upon the court(s); the City commission and the

City Staff and Administration by attempting to cover up his own  involvement

beginning in 2009  in his subsequent  position as City of Stuart Attorney in  2015.

Plaintiff CHYR has exhausted every remedy to remove  Mortell from any litigation

regarding their home, as he is a witness: Florida Bar Complaint and litigating all

the way to petitioning the Supreme Court of the United States: Case #19-7929.

43. Mortell testified in Case No. 164D2088 that "an evidentiary hearing was held

and a temporary injunction was entered."  As the City of Stuart attorney, Mortell

had a duty to disclose the truth to the Fourth District Court of Appeals: There

was no evidentiary hearing and the temporary injunction was "ex parte".

44.  Mortell practiced intrinsic fraud by informing the Courts, Commission, City

Administration and Staff that "the Rudges got the hearing", referring to the post-

deprivation hearing provided in Rule 1.610(d). The City was granted 2 post-

deprivation hearings to remove Plaintiffs from their home and then prohibit them

from entering their homestead but the Rule clearly states that it is the Defendant

whom can motion for a post-deprivation evidentiary hearing but that hearing was never granted, which violates the Plaintiff's due process of law. Instead of following procedural due process to grant the Rule 1.610(d) hearing, Mortell dismissed instead, falsely claiming that Plaintiffs signed a "release" that ended the dispute. The "alleged" settlement offered by the City of Stuart and third party Associate Auctions was in bad faith, a continuance of the fraud, did not provide any reparations to Plaintiffs and was never recorded in any court. Associate Auctions divested Plaintiff WJRIV of all his estate properties, neglected to auction the Plaintiffs' homestead, as required by  City of Stuart, thereby, leaving Plaintiffs not only homeless but penniless.

45.  Associate Auctions, Commissioner Troy McDonald and the City of Stuart attorney conspired to offer this fraudulent  "alleged" settlement auction in furtherance of the development of the 16 Town Homes of Tibouchina Terrace.

46. Mortell has prevented the Plaintiffs from presenting their case by fraud and deception, kept the Plaintiffs away from court, falsely promised a compromise, and consistently misled the City Commission, City Staff and Administration and the Public with falsehoods throughout the years, that blatantly contradicted the record so much that no reasonable jury could believe him.

.

27

<u>**COUNTS I-IV**</u>   A to Z Properties

47.  Defendant A to Z Properties is an accessory after the fact. A to Z  practiced

 fraud, deceit and trickery on Plaintiff WJRIV to sign a deed to his inherited

 property" and family's legal homestead  for only $6000.00 when A to Z was

intending to build a 16 town home project: Tibouchina Terrace, on the family's

private property and homestead. Defendant A to Z Properties did not divulge their

plans for development but told  WJRIV that there would be no relief or remedy

from the City of Stuart's fraud and constitutional violations in 09CA3586 and the

Plaintiffs' home and land was going to be auctioned off  in a Martin County tax

sale the next day. AZ Properties told Rudge/WJRIV that he wouldn't get anything

so "six thousand dollars is better then nothing."

Plaintiff  WJRIV signed deed, under duress, and without his  lawful wife, CHYR's

presence for a signature to lawfully convey the Florida homesteaded property.

Plaintiffs WJRIV's "Compulsory Counter-Claim against A to Z to Quiet Title by

Rescission of AZ's Defective Deed (August 21, 2019) was never heard nor

adjudicated.

48. The Fourth District Court of Appeal issued their  February 22, 2019 Mandate in

Case #174D3204  CHYR v AZ,  reversed and remanded back to the Nineteenth

Circuit for "further proceedings", yet CHYR was denied her day in the trial court

with no hearing and no trial on the issues.

28

49. Defendant A to Z's counsel will not return phone calls or emails to set any hearings on the Plaintiffs' timely filed motions for relief, and this prevents Plaintiffs from exhibiting full their issues by keeping the Plaintiffs away from court. This violates the Plaintiffs' due process of law concerning their homestead and private property. A to Z clearly holds a "defective deed" with only WJRIV's signature and the wife CHYR's signature missing.

50. Additionally, A to Z Properties, after commencing litigation against CHYR and WJRIV in 16CA000484, for a cure to their defective deed, A to Z has, at times, chosen not to pay the Martin County property taxes but instead Defendant AZ chose to buy the "tax certificates" to acquire the property AZ "allegedly" owns.

51. Defendant AZ practiced extrinsic fraud by refusing to corroborate with Plaintiff CHYR to set any evidentiary hearings or a trial to address all the issues in Plaintiff WJRIV's legitimate claims in the Compulsory Counter-Claim.

52. Defendant AZ practiced extrinsic fraud by refusing to corroborate with the Plaintiffs to set any evidentiary hearing for CHYR and WJRIV's, Joint Rule 1.540 Relief Motion, with over 800 exhibits.

53. AZ, instead of lawfully participating in the litigation AZ themselves commenced, AZ chose to simply ignore CHYR's emails and phone calls to agree on a date to set an evidentiary hearing. This keeps Plaintiffs CHYR and WJRIV

away from court and prevents any real contest. "United States v Throckmorton 98

U.S. 61,25, L. Ed. 93 (1878)

54. Defendant A to Z's faithfully ignores CHYR's attempts to set any legal,

evidentiary hearing or trial in the 19th Circuit on the numerous disputations of the

material facts and the intrinsic fraud involved in AZ's lawsuit against the

Plaintiffs. In this, Defendant AZ is now practicing extrinsic fraud.

55. The Case Management Conference hearing of May 12, 2020 was held on

ZOOM and it resulted in an Order to Close the Case. When the Plaintiffs sought to

appeal this Order, neither the Nineteenth Circuit nor the City of Stuart nor Martin

County had a recording of the hearing. Plaintiffs' evidence went unheard by court.

56. The Plaintiffs CHYR and WJRIV, as an egregiously harmed, small, and

unrepresented American family, are truly the David against the Goliath of elected

public officials and officers of the court whom have and are continually looking to

**escape accountability of their violations** of the already well established law

regarding private property interests contained in the V and XIV Amendments to the

United States Constitution(s).

57. This harm against the family was then perpetuated by countless additional

orders from the courts, that are void, as they were obtained by intrinsic and

extrinsic "fraud upon the court(s)", preventing any real contest in a trial or hearing

while  continually preventing  the Plaintiffs and  minor child's  return to their safe

structured   home at 1701 SW Palm City Road, Stuart, Florida.

58.  State child endangerment is not a Federal crime but the violations of the

minor child's civil rights  and equal protection under the law  involving the

subject property: her homestead in this case, is sufficiently analagous to an

assault.  But for the fraud and conspiracy practiced by the Defendants, the

minor child would never have been removed from her home or her family

be reduced to utter destitution. Plaintiff CHYR and minor child have lived in 15

separate locations, hotels, camps, friends houses, apartments, etc. waiting for a

just and right outcome from the court(s). It is in the best interests of the legal

property owner, the  Plaintiff and minor child,  to return to their home where the

family can live beyond the reach of financial misfortune (or governmental

oppression), according to law.

59. It is imperative that the Court holds public officials accountable when they are

in unlawful conduct to maintain the public's trust. "To say courts exist to resolve

disputes tells only half the story, for courts exist to resolve disputes correctly.

Denying relief to meritorious litigants is unfair....allowing manifestly unjust result

to stand uncorrected also erodes public faith in the judicial process."

*David G Seykore Cornell Law Review Volume 64, Article 5*

60. While Plaintiffs, as personal citizens, cannot bring criminal action against the Defendants, the Plaintiffs' EXH A1-A4 do present evidence that no reasonable minds could differ and no judge would argue otherwise, for the prosecution of Defendants' actions under the Hobb's Act, R.I.C.O, 18 USC 001, 42 USC 241, and 42 USC 242.

61. There is no amount of money that will make up for the pain and suffering of homelessness endured by the minor child from the official oppression due to the Defendants' intrinsic and extrinsic fraud but the law recognizes that the Defendants must pay something, however inadequate.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs, WJRIV and CHYR, as individuals and as the Parents of the irreparably harmed minor child, due to the clearly documented conspiracy and the fraud perpetrated in many courts for many years by persons acting under the color of law, respectfully request the following relief:

A. Plaintiffs re-allege and incorporate by reference all of the preceding paragraphs in this complaint,

B. Trial by jury on all issues so triable to redress injury to Plaintiff/family

C. Rescission of Defendant A to Z Properties defective Deed

D.  Award General and special compensatory damages;

E.  Award Punitive Damages

F.  Such further and different relief as is just and proper or that is necessary

to make the Plaintiffs whole and return the  minor child to her safe-

structured home on the legal homestead of family at 1701 SW Palm City

Road in Stuart, Florida.

## JURY DEMAND

Plaintiffs demand trial by jury.

## CERTIFICATE OF GOOD FAITH CONFERENCE;
CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED

Pursuant to Local Rule 7.1(a)(3)(A), we hereby certify that unrepresented
Plaintiffs have conferred with all the parties whom may be affected by the relief
sought in a good faith effort to resolve the issues but have been unable to
resolve the issues.

DATED: Stuart, Florida
August  28 , 2023

Respectfully submitted,

WILLIAM JOHN RUDGE, IV
Unrepresented
Father of the Minor child
6526 Kanner Hwy Suite 129
Stuart, Florida 34994
772 834 8800
clhyr@hotmail.com

CARYN HALL YOST-RUDGE
Unrepresented
Mother of the Minor Child
6526 Kanner Hwy Suite 129
Stuart, Florida 34994
772 485 0440
clhyr@hotmail.com

33