UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14270-CIV-MIDDLEBROOKS/MAYNARD

**CARYN HALL YOST-RUDGE,**
**and WILLIAM JOHN RUDGE, IV,**

    Plaintiffs,

v.

**THE CITY OF STUART, A TO Z**
**PROPERTIES, INC., PAUL J.**
**NICOLETTI, ROBERT L. KILBRIDE,**
**and MICHAEL J. MORTELL,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANTS' AMENDED MOTION TO DISMISS

**THIS CAUSE** is before me upon an Amended Motion to Dismiss ("Motion"), DE 19, which is referred to me for appropriate disposition, DE 23. This Motion is filed by The City of Stuart, Florida; Paul Nicoletti, Esq.; Robert Kilbride, Esq.; and Michael Mortell, Esq. ("Defendants"). I have considered the Motion, Plaintiffs' Joint Opposition to the Motion, DE 20, the entire record, and the applicable case law. Being fully advised, I respectfully recommend that Defendants' Motion be **GRANTED** for the reasons stated below.

## BACKGROUND

This case involves Plaintiffs' decade-long quest for relief in state and federal courts relating to the City of Stuart's 2009 decision to abate nuisance on Plaintiffs' homestead property and a Florida state court's subsequent issuance of an injunction forcibly removing Plaintiffs and their minor child from the property. DE 1 at 12, 17, 19.

1

The Complaint – which is accepted as true for purposes of this Report except where otherwise noted – alleges the following relevant facts. Plaintiffs Caryn Hall Yost-Rudge ("Ms. Yost-Rudge") and William John Rudge IV ("Mr. Rudge") are a separated couple and the parents of a dependent minor. *Id.* at 9. Defendants are the City of Stuart, City Manager Michael Mortell, Attorneys Paul Joseph Nicoletti and Robert L. Kilbride, and A to Z Properties, a Florida corporation.[1] *Id.* at 9-10. Plaintiffs claim Defendants violated their due process and equal protection rights by using the nuisance abatement process to fraudulently procure Plaintiffs' homestead property for a large town home development project. *Id.* at 3, 16. Defendants allegedly obtained the property through state court decisions that denied Plaintiffs the opportunity for a hearing or trial. DE 1 at 15.

Plaintiffs particularly take issue with a judge's refusal to grant a hearing in *City of Stuart v. William John Rudge IV*, Case No. 09CA3586, Nineteenth Judicial Circuit, Martin County, Florida ("Case No. 09CA3586"). They also complain that no hearing or trial was held in *A to Z Properties v. City of Stuart, Martin County, WJRIV, & CHYR*, Case No. 16CA000484, Nineteenth Judicial Circuit, Martin County, Florida ("Case No. 16CA000484"). *Id.* at 11, ¶¶ 3-4; *Id.* at 4, ¶ 7. Plaintiffs bring claims for negligence, dereliction of duty, and intrinsic and extrinsic fraud against all Defendants (Counts I-IV). *Id*. at 16-32. As relief, Plaintiffs request a trial by jury, recission of a deed Mr. Rudge signed over to A to Z Properties, compensatory and punitive damages, and return of their homestead property. *Id*. at 32-33. Plaintiffs attach several exhibits to their Complaint along with an exhibit index that is difficult to understand or follow. DE 1-2 at 2. They do not attach any final judgments from the prior lawsuits at issue in this case.

---

[1] Defendant A to Z Properties, Inc. has separately moved to dismiss this case against it for lack of personal jurisdiction and insufficient service of process. DE 15. Based on the findings and recommendation in this report, I recommend denying as moot this separate motion to dismiss.

Defendants move to dismiss the Complaint on several grounds, including lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim, *res judicata*, collateral estoppel, the *Rooker-Feldman* doctrine, statute of limitations, and release. DE 19. Defendants' Motion is brief and fails to attach any final judgments from the prior cases they claim bar Plaintiffs' relief. Instead, Defendants attach a Settlement Agreement between the City of Stuart and Mr. Rudge dated December 10, 2012 ("Settlement Agreement"). DE 19-1. The Settlement Agreement is signed by Mr. Rudge and the City's then Vice-Mayor (on behalf of the City). Defendants also attach an Affidavit in Support of the Settlement dated December 10, 2012 (the "Affidavit"). The Affidavit is signed by Ms. Yost Rudge and the City's then Vice-Mayor (on behalf of the City).[2]

## LEGAL STANDARDS

A motion to dismiss for lack of subject matter jurisdiction brought under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or a factual challenge to the complaint. *See McElmurray v. Consol. Gov't*, 501 F.3d 1244, 1251 (11th Cir. 2007). In a facial challenge, a court is required only to determine if the plaintiff has "sufficiently alleged a basis for subject matter jurisdiction." *Id*. at 1251. Furthermore, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). By contrast, a factual attack "challenge[s] 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings … are considered.'" *McElmurray*, 501 F.3d at 1251 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In a factual attack, "no

---

[2] According to Defendants, these releases were signed by the parties as consideration for the resolution of *William Rudge IV v. the City of Stuart*, Case No. 12-11014-CIV-14306, in the U.S. District Court for the Southern District of Florida. DE 19 at 5. Unfortunately, there is no such case number. I have reviewed the docket in *Rudge v. City of Stuart ("Rudge I")*, Case No. 11-14306-Civ-Moore, which shows that case was resolved by Judge Moore on summary judgment. Plaintiffs appealed Judge Moore's decision to the United States Court of Appeals for the Eleventh Circuit in Case No. 12-11014. On September 11, 2012, the Eleventh Circuit affirmed Judge Moore's grant of summary judgment and a mandate was issued on November 14, 2012. *See Rudge I*, DE 49. It appears the parties executed the settlement documents roughly a month after the mandate issued on December 10, 2012. DE 19-1.

presumptive truthfulness attaches to [a] plaintiff's allegations," *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 413), and the plaintiff bears the burden to prove facts sufficient to establish subject matter jurisdiction. *See OSI, Inc. v. U.S.,* 285 F.3d 947, 951 (11th Cir. 2002).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plaintiff must provide "more than labels and conclusions," and the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the complaint's allegations are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A claim is subject to dismissal if the Plaintiff can prove no set of facts to support the claim. *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1285 (S.D. Fla. 2005). Alternatively, dismissal is warranted when the allegations on their face show that an affirmative defense or other legal bar precludes recovery on the claim. *See Powell v. Barrett*, 496 F.3d 1288, 1304 (11th Cir. 2007); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2003).

Notably, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, the Court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed,

when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls.").

Because Plaintiffs are proceeding *pro se*, I liberally construe their pleadings and hold them to a less demanding standard than counseled pleadings. *See Gilmore v. Hodges*, 738 F.3d 266, 281 (11th Cir. 2013); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). I nevertheless remain mindful that a court may not re-write a *pro se* litigants' complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## **DISCUSSION**

Dismissal is appropriate because (1) Plaintiffs' claims are time-barred under applicable statutes of limitation; (2) Plaintiffs' claims are barred by release provisions contained in settlement agreements they signed; and (3) Mr. Rudge's claims against the City of Stuart are barred by *res judicata*.[3]

---

[3] Defendants also contend that the *Rooker-Feldman* doctrine bars Plaintiffs' lawsuit. Under the *Rooker-Feldman* doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam); *see also Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021). The doctrine prevents "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

While Plaintiffs' complaints about prior state court actions suggest that *Rooker-Feldman* may apply here, there is insufficient information in the record to make a conclusive determination. The Eleventh Circuit has emphasized that *Rooker-Feldman* is a "narrow and limited doctrine" that must be applied with a targeted "claim-by-claim approach[.]" *Behr*, 8 F.4th at 1213. Here, since Plaintiffs commingled their claims, it is impossible to say whether resolution of each individual claim requires review and rejection of a state court judgment. The Eleventh Circuit has further made clear that "[t]he injury for purposes of applying *Rooker Feldman* must be caused by the judgment itself. Period." *Behr*, 8 F.4th at 1212. Here, although a court may properly take judicial notice of orders filed in another court, neither party has submitted a final state court judgment for this Court to

### I. Plaintiffs' Claims are Time-Barred.

Applicable statutes of limitations bar all of Plaintiffs' claims against Defendants. When reviewing a motion to dismiss on statute of limitations grounds, the district court "must determine whether the date alleged in the statement of a claim indicates that the action was not brought within the applicable statute of limitations." *Harmony Homes, Inc. v. U.S. on Behalf of Small Bus. Admin.*, 890 F. Supp. 1032, 1035 (M.D. Fla. 1995). A complaint may be dismissed pursuant to Rule 12(b)(6) on statute of limitations grounds "where it is apparent from the face of the complaint that the claim is time-barred." *U.S. v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021); *La Grasta v. First Union Secs., Inc.*, 358 F.3d 850, 845–46 (11th Cir. 2004); *Sanguinetti v. JPMorgan Chase Bank Nat'l Ass'n*, 2020 WL 7765792, at *4 (S.D. Fla. Nov. 13, 2020); *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc.*, 522 F. Supp. 3d 1202, 1210 (S.D. Fla. 2021).

Plaintiffs attempt to assert four counts under a single heading for negligence, dereliction of duty, and intrinsic and extrinsic fraud. DE 1 at 16. Under Florida law, the applicable statute of limitations for Plaintiffs' claim of negligence is four years and "accrue[s] *from the time of the negligent act.*" *First Mut. Grp., L.P. v. Miqeulon*, 2015 WL 12778387, a *3 (S.D. Fla. Aug. 24, 2015); Fla. Stat. § 95.11.[4] The statute of limitations for fraud claims is four years beginning from the time a plaintiff knew or should have known the claim accrued. Fla. Stat. § 95.11(3)(i)

---

consider. Moreover, my own review of publicly available online state court records shows no court docket or entries in Case No. 09CA3586, and more than 400 docket entries in Case No. 16CA000484. It is for the parties, and not this Court, to comb through these records to locate state court judgments that are applicable for *Rooker-Feldman* purposes. That said, I note that Plaintiffs request an order returning them to the property and rescinding the deed Mr. Rudge signed conveying the property. DE 1 at 32-33. To the extent this relief requires review and rejection of final state court judgments, *Rooker-Feldman* would likely apply.

[4] Effective March 24, 2023, Fla. Stat. § 95.11, was amended to reduce the statute of limitations for negligence claims from four years to only two years. Fla. Stat. § 95.11(4)(a) (2023). However, this legislative amendment does not apply here because Plaintiffs' claims accrued in 2009-10 or possibly as late as 2012, which was well before the amendment's effective date. H.B. 837, FL LEGIS 2023-15, 2023 Fla. Sess. Law Serv. Ch. 2023-15 (C.S.C.S.H.B. 837) (WEST) ("The amendments made by this act to s. 95.11, Florida Statutes, apply to causes of action accruing after the effective date of this act.").

(establishing four-year limitations period for claims based on fraud); Fla. Stat § 95.031 ("An action founded upon fraud… must be begun… with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered…"). Although no § 1983 cause of action is expressly alleged, Plaintiffs describe their lawsuit as a "42 U.S.C. § 1983 Federal civil rights case[.]" DE 1 at 1. The Eleventh Circuit has held that a four-year statute of limitations applies to § 1983 claims arising in Florida. *See e.g., Chappell v. Rich,* 340 F.3d 1279, 1283 (11th Cir. 2003) (per curiam) (relying on the four-year statute of limitations set forth in Fla. Stat. § 95.11(3) for § 1983 claims); *see also Sullenberger v. City of Coral Gables*, 2024 WL 262530, at *5 n. 16 (S.D. Fla. Jan. 24, 2024). But, while state law governs the length of the statute of limitations, "[f]ederal law governs when a federal civil rights claim accrues." *Id.* (citing *Karantsalis v. City of Miami Springs, Fla.*, 17 F.4th 1316, 1322 (11th Cir. 2021)). Federal law provides that a civil-rights cause of action accrues "when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Id.* (quoting *Villalona*, 824 F. App'x at 946 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)).

The Complaint alleges the following dates for purposes of determining when Plaintiffs' alleged causes of action accrued. The "initial destruction of the Plaintiffs' private property and family homestead" occurred from December 15 to December 21, 2009. DE 1 at 3. Defendants' alleged fraud commenced on or before December 11, 2009. *Id.* at 11. Plaintiffs were removed from their homestead on either March 5, 2010 or May 5, 2010. *Id.* at 3, 15. Defendants committed additional fraud at the March 5, 2010 hearing. *Id.* at 14, 18-19. Defendants perjured themselves on March 7, 2011 and May 11, 2012. *Id.* at 19, 25.

Taking Plaintiffs' allegations as true and viewing them in the light most favorable to them, Plaintiffs' alleged causes of action occurred in 2009 or 2010, or possibly as late as 2012. The

Complaint in this case was filed on August 28, 2023, which is far beyond the governing statutes of limitations expired. There is no scenario alleged in the Complaint that would defeat any of the applicable statutes of limitations. On the contrary, the Complaint makes clear on its face that Plaintiffs knew of the alleged incidents giving rise to their claims in 2009 and 2010. Accordingly, Defendants' motion to dismiss should be granted on this basis and all of Plaintiffs' claims should be dismissed with prejudice as clearly time-barred.

> **II.   Plaintiffs' Claims Against the City of Stuart are Barred by Releases in Final Settlement Agreements.**

"When a court is considering a motion to dismiss under Rule 12(b)(6), documents attached to the motion to dismiss may be considered if the document is both central to the plaintiff's claim and its contents are undisputed." *Horne v. Ameris Bank*, 2023 WL 2908855, *3 (N.D. Ga. 2023) (citing *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010)); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). "Undisputed" means that the authenticity of the documents is not challenged. *Day*, 400 F.3d at 1276. "Thus, if a document is both central to a plaintiff's claims and its authenticity is not challenged by any party, a court may consider it in resolving a motion to dismiss." *Horne*, 2023 WL 2908855 at *3.

Although Plaintiffs make arguments about why the releases in the Settlement Agreement and Affidavit should not apply, DE 20 at 3, they do not challenge the authenticity of these documents. Plaintiffs contend that they were illegally deprived of their property through various code enforcement actions and unlawfully denied hearings in various cases, including Case No. 09CA3586. Thus, the existence of executed agreements "fully and irrevocably settling all disputes between the City and W. Rudge resulting from those certain lawsuits and code enforcement

actions," DE 19-1 at 4, is sufficiently central to Plaintiffs' claims. Thus, these agreements may be considered at this juncture.

The language of the Settlement Agreement between Mr. Rudge and the City provides for the City's release from:

> All disputes and lawsuits between the City and W. Rudge resulting from those certain lawsuits and code enforcement actions [including] … Circuit Court of the Nineteenth Judicial Circuit in and for Martin County, Case No. 09-3586 … and other disputes past and present; known or unknown.

DE 19-1 at 1. Similarly, in the Affidavit, Ms. Yost Rudge "affirms, stipulates, and agrees to the facts as stated in" the Settlement Agreement "as a means of fully and irrevocably settling all disputes … resulting from those certain lawsuits and code enforcement actions," including Case No. 09-3586. DE 19-1 at 4. Henceforth, she agrees to "only look to W. Rudge for any recourse, claims or otherwise, if any, and not the City." *Id*. at 5. Both Plaintiffs agree to "waive[] all claims, if any, against the City that [he or she] may have by virtue of any rights to include individual, marital, homestead, property, or otherwise and also waive[] any rights in any past or present actions against the City, known or unknown and waive[] any rights of any claims against the City." *Id.* at 2, 5.

"A settlement agreement is essentially a contract and is subject to the traditional rules of contract interpretation." *Norfolk Southern Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d1285, 1290 (11th Cir. 2004) (*citing Monahan v. Comm'r*, 321 F.3d 1063, 1068 (11th Cir. 2003) ("Principles governing general contract law apply to interpret settlement agreements.")). While Florida law prohibits "a contractual waiver that exculpates a contracting party's fraudulent misconduct," *Viridis Corp. v. TCA Global Credit Master Fund, LP*, 721 F. App'x 865, 875 (11th Cir. 2018), the Complaint here pleads no facts plausibly showing that the Settlement Agreement and Affidavit

9

were fraudulently obtained. Plaintiffs' claims in the pending Complaint fall squarely within the ambit of the releases they both signed. Thus, Defendants' motion to dismiss based upon the unequivocal releases contained within DE 19-1 should be granted.

### III.    Claims between Mr. Rudge and the City of Stuart are barred by *Res Judicata*.

*Res judicata* also applies here. The doctrine of *res judicata* bars claims that were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). *Res judicata* precludes "a subsequent claim when a court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). "The idea underlying *res judicata* is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, the matter generally will not be reexamined in *any court* (except of course, for appeals by right)." *Topps v. State*, 865 So.2d 1253, 1255 (Fla. 2004) (emphasis in original). The doctrine does not apply, however, if the prior adjudication did not offer a full and fair opportunity to litigate. *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481, n. 22(1982); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980).

Plaintiffs admit that more than 20 prior state and federal cases have "flowered from" the City of Stuart's 2009 nuisance action against their property.[5] Three of these prior cases were filed

---

[5]   According to the Complaint, "[t]he following cases flowered from the initial fraudulent 2009 **armed force** 'ex parte' action of the City of Stuart …

| | |
|---|---|
| #10CA1209 (19th Circ) | #104D3936 |
| #11CIV14306 (US So. Dist) | #164D2088 |
| #12 11014 (US 11th Circ.) | #l74D2548 |
| #16-9078 (SCOTUS) | #174D2922 |
| #l7SC1967 (FL Supreme) | #174D3204 |
| #18SC78 (FL Supreme) | #174D3204 |
| #18SC1153 (FL Supreme) | #194D1174 |
| #18SC1250 (FL Supreme) | #204D0564 |
| # 20SC1935 (FL Supreme) | #204D0584 |
| #19-7929 (SCOTUS) | #204Dll93 |
| #21CIV14425 (US So. Dist) | #224D3292 |

here in the Southern District of Florida. *See William John Rudge, IV v. City of Stuart*, 11-14306-Civ-Moore/Lynch ("*Rudge I*"); *Yost-Rudge et al. v. City of Stuart et al.*, Case No. 21-14425-Civ-Middlebrooks ("*Rudge II*") (dismissed without prejudice for failure to state a claim during IFP screening); *Yost-Rudge et al. v. City of Stuart et al.*, Case No. 22-14085-Moore/McCabe ("*Rudge III*") (dismissed without prejudice for failure to state a claim during IFP screening). I take judicial notice of these three cases. Because two of these cases, *Rudge II* and *Rudge III*, were dismissed without prejudice during *in forma pauperis* screening, they do not serve as final judgments on the merits for *res judicata* purposes. *See Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("[O]nly § 1915 dismissals with prejudice would have a *res judicata* effect on future in forma pauperis petitions; the distinction between "with" or "without" would otherwise be meaningless."); *see also Smith v. Mercer*, 266 F. App'x 906, 907 (11th Cir. 2008), *Griffin v. Randstad*, 2018 WL 4778431, at *1 (S.D. Fla. Aug. 13, 2018), report adopted sub nom. *Griffin v. Bank of Am., N.A.*, 2018 WL 5098839 (S.D. Fla. Oct. 2, 2018). However, the third case was dismissed on the merits as a matter of final summary judgment. *See Rudge I*, DE 34 (Order granting summary judgment in favor of the City of Stuart) (S.D. Fla. Feb. 7, 2012), *aff'd* No. 12-11014 (11th Cir. 2012). Therefore, *Rudge I* serves as a final judgment as a matter of law with potentially preclusive effect.

Federal courts apply federal common law to determine if a prior judgment issued by a court exercising federal question jurisdiction has preclusive effect. *Sellers v. Nationwide Mutual Fire Ins. Co.*, 968 F.3d 1267, 1272-73 (11th Cir. 2020); *see also Andreu v. HP Inc.*, 272 F. Supp.3d 1329, 1332 (S.D. Fla. 2017) (Moreno, J.) (collecting cases). In *Rudge I*, the court exercised federal

---

#2114118 (US 11th Circ.)  #234D0940
#22CIV14085 (US so. Dist)
#23FS200 (FL Supreme)
#23FS0855 (FL Supreme)"

*See* DE 1 at 14, ¶13 (emphasis in original).

question jurisdiction, so federal common law is appropriate here. Under federal law, "a claim will be barred by prior litigation if all four of the following elements are satisfied: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale*, 193 F.3d at 1238.

All four elements are met here. Applying the first two *Ragsdale* factors, the causes of action in the instant case were effectively decided on the merits by a final decision in *Rudge I* after the parties had a full opportunity to adjudicate them in a court with jurisdiction. Specifically, over twelve years ago in *Rudge I*, Mr. Rudge sued the City of Stuart seeking redress under 42 U.S.C. § 1983 based upon the City's *ex parte* injunction to enforce code violations and conduct nuisance abatement on his property. Following motions and briefing by the parties, U.S. District Judge K. Michael Moore granted summary judgment in *Rudge I* in favor of the City of Stuart.[6]

---

[6] In his decision, Judge Moore explained:

> A plaintiff can only pursue a procedural due process claim under § 1983 'when the state refuses to provide a process sufficient to remedy the procedural deprivation.' *Cotton v. Jackson*, 216 F.3d 1328, 1330-31 (11th Cir. 2000) (quoting *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc)). If the plaintiff has adequate state remedies at his disposal and failed to take advantage of them, he cannot claim that the state deprived him of procedural due process. *Id*. at 1331; *see also Zinermon v. Burch*, 494 U.S. 113, 124 (1990) (holding that § 1983 provides a federal remedy for procedural due process claims only when state remedies are inadequate). State procedures need not provide all the relief available under § 1983 to be adequate; rather, they need only 'correct whatever deficiencies exist and … provide the plaintiff with whatever process id due.' *Id*.
>
> Rudge argues that the Injunction in this case was issued without his notice or opportunity to be heard, and therefore he was denied due process. According to Florida Rules of Civil Procedure, 'A temporary injunction may be granted without written or oral notice to the adverse party only if it appears … that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition …' Fla. R. Civ. P. 1.610(a)(1)(A). However, that same rule allows that "A party against whom a temporary injunction has been granted may move to dissolve or modify it at any time. If a party moves to dissolve or modify, the motion shall be heard within 5 days after the movant applies for a hearing on the motion." Fla. R. Civ. P. 1.610(d).

Consequently, Mr. Rudge's claims against the City of Stuart were previously adjudicated on the merits and subject to a final judgment in the parties' prior case before this Court and the first two factors thus support the application of *res judicata*.

Applying the third *Ragsdale* factor, the parties in both cases are identical. *Rudge I* involved Mr. Rudge and the City of Stuart. The identity of the parties in the prior case and the present case support the application of *res judicata* with regard to any claims by Mr. Rudge against the City of Stuart.[7]

Lastly, turning to the fourth and final factor in the *res judicata* analysis, the instant case asserts the same cause of action as those previously litigated before this Court. *See Baloco v. Drummond Co., Inc.*, 767 F.3d 1229, 1247 (11th Cir. 2014)). Where "a case arises out of the same nucleus of operative facts, or is based upon the same factual predicate as the former action, ... the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*.'" *Id.* (internal citations omitted). This approach applies not only to "the precise legal theory presented in the prior case, but to all legal theories and claims arising out of the same nucleus of operative fact [which could have been raised in the prior case].'" *Id.* (internal citations omitted). Here, Plaintiffs' claims are once again predicated on the argument that the City and its agents acted unlawfully to fraudulently procure Plaintiffs' property. Mr. Rudge's similar claims against the

---

In the instant case, Rudge did not move to dissolve or modify the Injunction. Def.'s Undisp. Facts ¶2 (ECF no. 28); Pl. Resp. Def. Undisp. Facts ¶2 (ECF No. 32). Florida Rule of Civil Procedure 1.610(d) provided Rudge with a means of redressing the Injunction. Rudge could have sought to dissolve or modify the Injunction, however, he failed to pursue this remedy. In accord with the Eleventh Circuit's decision in *Cotton*, he therefore cannot assert a § 1983 claim for denial of due process. Rudge additionally argues that he was without counsel when the Injunction was issued, however, lack of counsel did not deny him the right to move to dissolve or modify the Injunction. His argument is therefore unavailing.

*Rudge I*, DE 34 at 3-4.

City of Stuart were addressed in *Rudge I*. To the degree Plaintiffs couch the present case under different causes of action (*i.e.*, negligence, dereliction of duty and fraud), it still springs from the same nucleus of facts and *res judicata* therefore applies. U.S. District Judge Moore's final order in *Rudge I* constitutes a final judgment on the merits rendered by a court of competent jurisdiction in a case involving the same parties and claims arising out of the same nucleus of operative facts. Thus, all four *res judicata* factors are satisfied, precluding Mr. Rudge from asserting the same claims in this successive action against the City of Stuart.[8]

### IV. The Complaint is a Shotgun Pleading.

Even absent statute of limitations, contractual release, and *res judicata*, the Court would be within its authority to dismiss the Complaint on the basis that it is an improper shotgun pleading. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014); *see also Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings because they are a "waste [of] scarce judicial resources." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). There are four types of shotgun pleadings. *Weiland*, 792 F.3d at 1322-1323. The first type are pleadings that contain "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id*. at 1321. The second category encompasses pleadings that are "replete with

---

[8] Defendants have made no arguments or cited case law about the degree to which Ms. Yost Rudge or the remaining Defendants are in privity with the parties in *Rudge I* and therefore "identical parties" for purposes of *res judicata*.

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id*. at 1321-22.  Third are pleadings that do "not separate[e] into a different count each cause of action or claim for relief." *Id*. at 1322-23.  And fourth are pleadings that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

The Complaint suffers from a myriad of defects falling into at least two of these categories. First, it is replete with vague, repetitive, and conclusory assertions making it difficult to comprehend what claims Plaintiffs are alleging and what claims Plaintiffs have litigated before. Plaintiffs refer to numerous cases filed in various courts and "judicial labor" that remains "undone or unfinished," but fail to connect these numerous cases and motions in any meaningful, legitimate way to the issues set forth in their Complaint.  They refer to multiple affidavits, pleadings, testimony, and notices without citing specifically which of the numerous cases these matters are connected to, making the Complaint almost impossible to understand.  DE 1 at 3, 6, 10-11. Further, Plaintiffs repeatedly assert in the Introduction and Background sections of the Complaint that they are bringing a 42 U.S.C. § 1983 claim against Defendants, but nowhere in the Complaint do they actually allege a cause of action under § 1983.  Lastly, Plaintiffs commingle their four causes of action, lumping them together under a single heading. Because the Complaint fails to articulate claims with sufficient clarity to allow Defendants to frame a responsive pleading, it should be dismissed.  *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).

## V.     Amendment Would Be Futile and Dismissal Should be With Prejudice.

In general, *pro se* litigants should be given an opportunity to amend their complaint at least once.  *Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010).  However, "a district court need not allow amendment if the amended complaint would still be subject to dismissal," and amendment consequently would be futile.

15

*Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Here, all of Plaintiffs' alleged claims are time-barred, released as part of a prior settlement, and/or barred by *res judicata*. Consequently, any amendment would be futile and still subject to dismissal.

## CONCLUSION

Based on the foregoing, I recommend that Plaintiffs' Complaint is due to be dismissed on grounds of statutes of limitations, valid contractual releases, and *res judicata*.

**ACCORDINGLY**, I respectfully **RECOMMEND** that Defendants' Amended Motion to Dismiss, DE 19, be **GRANTED**; that the Complaint be **DISMISSED WITH PREJUDICE**;[9] that all other presently pending motions, DE 10, DE 15, DE 28, DE 29, DE 32, and DE 33 be **DENIED AS MOOT**; and that this case be **CLOSED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Donald M. Middlebrooks. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1

---

[9] Dismissal with prejudice is proper where a more carefully drafted complaint could not state a valid claim. *Jemison v. Mitchell*, 380 Fed. Appx. 904, 907 (11th Cir. May 27, 2010). Here, as Plaintiffs' claims are time-barred and legally foreclosed under applicable statutes and doctrines, I recommend that the Complaint be dismissed with prejudice in its entirety and without leave to amend.

(2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of Non-Objection within five (5) days of the date of this Report and Recommendation.**

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 18th day of March, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE

**Copies via U.S. Mail**

Caryn Hall Yost-Rudge, *pro se*
1701 SW Palm City Road
Stuart, FL 34994

William John Rudge, IV, *pro se*
6526 S Kanner Highway
Stuart, FL 34994